Tucker H. Sandler
Attorney At Law
3435 Wilshire Blvd. Suite 2700
Los Angeles, CA 90010
Phone: 213-251-5501
Fax: 213-251-5502
Email: Sandlaws@aol.com
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Hector Gerardo Duran Samayoa,<br><br>Petitioner,<br><br>v.<br><br>Christopher Chestnut, Warden, California City Detention Facility;<br>David Marin Director of Los Angeles Field Office, U.S. Immigration and Customs Enforcement;<br>Markwayne Mullin, Secretary of the Department of Homeland Security; and<br>Todd Blanche, Attorney General of the United States; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; in their official capacities,<br><br>Respondents. | Case No. 5:26-cv-05617<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

1. Petitioner Hector Gerardo Duran Samayoa is in the physical custody of Respondents at the Desert View Annex Detention Facility in Adelanto, California. He now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office of the Immigration Review (EOIR) have concluded Petitioner is subject to mandatory detention.

2. DHS denied Petitioner release from immigration custody, consistent with new DHS policy issued on July 8, 2025, instructing all Immigration and Customs Enforcement (ICE) employees to consider anyone inadmissible under under 8 U.S.C. § 1182(a)(6)(A)(i)- i.e., those who entered the United States without admission or inspection- to be subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond.

3. Similarly, on September 5, 2025, the BIA issued a precedent decision, binding on all immigration judges, holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I&N Dc. 216 (BIA 2025). The Board determined that such individuals are subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond.

///

4. Petitioner's detention on this basis violates the plain language of the Immigration and Nationality Act. Section 1225(b)(2)(A) does not apply to individuals like Petitioner who previously entered and now are residing in the United States. Instead, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond. That statute expressly applies to individuals who, like Petitioner, have been charged as inadmissible for having entered the United States without inspection.

5. Respondents' new legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying §1226 (a) to People like Petitioner.

6. Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be released unless Respondents provide a bond hearing under §1226 (a) within seven days.

## JURISDICTION

7. Petitioner Hector Gerardo Duran-Samayoa is in the physical custody of Respondents at the Desert View Annex Detention Facility located in Adelanto, California.

8. This Court has jurisdiction under 28 U.S.C. §2241 (c)(5)(habeas corpus), 28 U.S.C. §1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

## VENUE

9. Pursuant to *Braden v. 30th Judicial Circuit Cort of Kentucky,* 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Central District, the judicial district in which Petitioner currently is detained.

10. Venue is also properly in this Court pursuant to 28 U.S.C. §1391 (c) because Respondents are employees, officers and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claim occurred in the Central District.

## REQUIREMENTS OF 28 U.S.C. §2243

11. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. §2243. If an order to show cause is issued, Respondent must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

12. Habeas corpus is "perhaps the most important writ known to the constitutional law… affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391 U.S. 391, 400 (1963)(emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judges or justice who entertain it and receives prompt

action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000)(citation omitted).

**PARTIES**

13. Petitioner Hector Gerardo Duran Samayoa is a citizen of Mexico who has been in immigration detention since September 14, 2026. After arresting Petitioner without a warrant, ICE did not set bond and Petitioner is unable to obtain review of his custody by an IJ, pursuant to the Board's decisions in *Matter of Yajure Hurtado,* 29, I&N Dec. 216 (BIA 2025) and *Matter of Q. LI,* 29 I&N Dec. 66 (BIA 2025).

14. Respondent Christopher Chestnut is the warden who oversees operations at the Desert View Annex Detention Facility, where Petitioner is detained. As such, Christopher Chestnut is Petitioner's legal custodian. He is sued in his official capacity.

15. Respondent David Marin is the Director of the Los Angeles Field Office of the ICE's Enforcement and Removal Operations division. As such, Field Office Director Marin is Petitioner's immediate custodian and responsible for Petitioner's detention and removal. He is named in his official capacity and he has authority to release him.

///

///

16. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner’s detention. Respondent Noem is a legal custodian of Petitioner.

17. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

18. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

19. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

///

///

## STATEMENT OF FACTS

21. Petitioner is a 38-year-old citizen of Mexico. Petitioner (A246-062-531) is seeking Asylum, Withholding of Removal and Convention Against Torture. On or about September 14, 2026, Petitioner was arrested during an ICE enforcement operation and Petitioner was placed in custody by U.S. Immigration and Customs Enforcement ("ICE").

22. Petitioner remains in detention. Without relief from this court, he faces the prospect of months, or even years, in immigration custody,

## LEGAL FRAMEWORK

23. First, 8 C.F.R. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge. *See* 8 C.F.R. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, *see 8* C.F.R. § 1226 (c).

24. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

///

///

///

///

25. Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, *see* 8 U.S.C. § 1231(a)-(b).

26. This case concerns the detention provisions at 8 C.F.R. §§ 1226(a) and 1225(b)(2).

27. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-208, Div. C. §§302-03, 110 Stat. 3009-546, 3009-582 to 3009-583, 3009-585. Section 1226(a) was most recently amended last year by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).

28. Following the enactment of IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained under § 1225 and that they were instead detained under § 1226 (a). *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997)

29. Thus, in the decades that followed, most people who entered without inspection and were placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible pursuant to 8 U.S.C. 1226(c). That practice was consistent with many more decades of prior

practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority found at § 1252(a)).

30. Since July 8, 2025, ICE, "in coordination with" DOJ, announced a new policy that rejected well-established understanding of the statutory framework and reversed decades of practice.

31. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without inspection shall now be subject to mandatory detention provision under § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended, and affects those who have resided in the United States for months, years, and even decades.

32. On September 5, 2025, the BIA adopted this same position in a published decision, *Matter of Yajure Hurtado*. There, the Board held that all noncitizens who entered the United States without admission or parole are subject to detention under § 1225(b)(2)(A) and are ineligible for bond hearings.

33. Since Respondents adopted their new policies, dozens of federal courts have rejected their new interpretation of the INA's detention authorities.

Courts have likewise rejected *Matter of Yajure Hurtado*, which adopts the same reading of the statute as ICE.

34. Even before ICE or the BIA introduced these nationwide policies, IJs in the Tacoma, Washington, immigration court stopped providing bond hearings for persons who entered the United States without inspection and who have since resided here. There, the U.S. District Court in the Western District of Washington found that such a reading of the INA is likely unlawful and that § 1226(a), not §1225(b), applies to noncitizens who are not apprehended upon arrival to the United States. *Rodriguez v. Vazquez v. Bostock,* 779 F. Supp. 3d 1239 (W.D. Wash 2025).

35. Courts have uniformly rejected DHS's and EOIR's new interpretation because it defies the INA. As the *Rodriguez Vasquez* court and others have explained, the plain text of the statutory provisions demonstrate that § 1226(a), not § 1225(b), applies to people like Petitioner.

36. Section 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under §1229a, to "decid[e] the inadmissibility or deportability of all[noncitizens]."

///

///

37. The text of §1226 also explicitly applies to people charged as being inadmissible, including those who entered without inspection. *See* 8 U.S.C. §1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are afforded a bond hearing under section (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates 'specific exceptions' to statute's applicability, it 'proves' that absent those exceptions, the statute generally applies. *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Gove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 400 (2010)); *see also Gomes*, 2025 WL 1869299, at *7.

38. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible from the United States, including those who are present without admission or parole.

39. By contrast, §1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's framework is premised on inspection at the border of people who are "seeking admission" to the United States. 8 U.S.C. §1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is inadmissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

40. Accordingly, mandatory detention provision of § 1225(b)(2)(A) does not apply to people like Petitioner, who have already entered the United States, and were residing in the United States at the time they were apprehended.

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process

41. The allegations in the above paragraphs are realleged and incorporated herein.

42. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend V. “Freedom from imprisonment- from government custody, detention, or other forms of physical restraint- lies at the heart of liberty that the Clause protects.” *Zayvdas v. Davis*, 533 U.S. 678, 690 (2001)

43. Petitioner has a fundamental interest in liberty and being free from official restraint.

44. The government’s detention of Petitioner without a bond redetermination hearing to redetermine whether he is a flight risk or danger to others violates his right to due process.

45. For these reasons, Petitioner’s detention violates the Due Process Clause of the Fifth Amendment.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the Eastern District while this habeas petition is pending;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/S/*Tucker Sandler*

Tucker H. Sandler, Esq.

*Counsel for Petitioner*

Dated: September 23, 2026

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Hector Gerardo Duran Samayoa, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 23rd day of September, 2026.

*/Tucker Sandler*

Tucker H. Sandler

Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I, Tucker H. Sandler, certify that on August 9, 2026, I electronically filed the foregoing with the Clerk for the United States District Court of Appeals for the Central District by using the appellate CM/ECF system.

s/Tucker H. Sandler

________________________________

Attorney for Petitioner