**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR GERARDO DURAN SAMAYOA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | CASE NO. 5:26-cv-05617-SK<br>**ORDER CONDITIONALLY GRANTING HABEAS PETITION (BOND HEARING)** |

Petitioner is a citizen of Mexico allegedly detained at the Adelanto Detention Facility since his arrest on September 14, 2026.[1] He claims that he was categorically denied a bond hearing after his arrest and initial detention in violation of 8 U.S.C. § 1226(a) of the Immigration and Nationality Act. Now petitioning for relief under 28 U.S.C. § 2241, he seeks "a writ of habeas corpus requiring that he be released unless Respondents provide a bond hearing under § 1226(a) within seven days." (ECF 1 at 3).

So construed, the petition is GRANTED. "[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that

[1] The court assumes that petitioner is detained within this district. However, the lead named respondent is the warden of a detention facility located in the Eastern District of California, and elsewhere in the petition, he asks not to be transferred outside the Eastern District. This order is thus conditioned on the assumption that venue lies in this district because petitioner is currently detained at Adelanto. (ECF 1 at 4).

aliens detained under § 1226(a) receive bond hearings at the outset of detention.”). “A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.” *Rodriguez Vazquez*, 183 F.4th at 1167.

* * *

If in their custody within this district, respondents are ORDERED to release Petitioner **Hector Gerardo Duran Samayoa** (**A# 246-062-531**) within 7 days of this order, unless he is provided an individualized custody redetermination hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a). Petitioner’s emergency ex parte application for a temporary restraining order (ECF 2) is DENIED as moot.

IT IS SO ORDERED.

DATED: September 24, 2026

HON. STEVE KIM
United States Magistrate Judge